LAND, J.
 

 In the year 1923, the “Moore Paving Company” was engaged in the construction of a-certain road in the parish of East Baton Rouge, known as the Baton Rouge-Hammond highway, Louisiana highway commission project No. 131.
 

 The Globe Indemnity Company alleges that on February 27,1923, the “Moore Paving Company,” an ordinary partnership composed of defendants, F. B. Dolhonde and R. D. Moore, Jr., obtained from petitioner, as surety, a contract bond in favor of the Louisiana highway commission in the sum of $26,612.35, in connection with the construction of the road in question, and agreed to perform all of the conditions of the bond, and to indemnify and save the surety harmless from and against every claim, liability, cost, and charge that might arise under the bond.
 

 
 *10
 
 The Globe Indemnity Company further alleges that the “Moore Paving Company” was unable to complete the work under the contract, and, some time prior to October 20,1923, requested petitioner to take over and complete the work.
 

 Petitioner alleges that it completed the work in accordance with the plans and specifications, and that it cost petitioner, over and above the estimates retained by the Louisiana highway commission, the sum of $15,-407.83.'
 

 Under the allegation that the “Moore Paving Company” on February 27, 1923, was an ordinary partnership composed of the defendants, F. E. Dolhonde and, R. D. Moore, Jr., petitioner prays for judgment against defendants jointly. However, should the court find that the “Moore Paving Company” on that date was not a partnership, but consisted only of R. D. Moore, Jr., then petitioner, in the alternative, prays for judgment against this defendant for the full amount with interest.
 

 The present suit was brought in the district court for the parish of Tangipahoa.
 

 The defendant R. D. Moore, Jr., is a resident of the state of Mississippi, but was personally cited in the parish of Jefferson, in which he was temporarily residing at the time.
 

 The defendant, Moore, excepted in limine litis to'the jurisdiction of the lower court. This exception was referred to the merits, and defendant, reserving the benefit of the exception, answered the petition of plaintiff.
 

 The defendant Dolhonde is a resident of the parish of Tangipahoa, and was cited personally at his domicile.
 

 The only questions presented for decision are:
 

 First. Whether or not there existed a partnership between defendants, within the meaning of the law, at the time the plaintiff signed the bond for the “Moore Paving Company.”
 

 Second. If a partnership did not exist between the parties, at the time the bond was signed by plaintiff, whether or not the defendant Dolhonde held himself out to plaintiff as being a partner of Moore to such an extent that the plaintiff signed the bond in question on the strength of Dolhonde being a partner.
 

 The trial judge rendered judgment in favor of the defendant Dolhonde, and against the plaintiff, rejecting its demands at its costs.
 

 Judgment was also rendered in favor of-the defendant Moore, dismissing the suit of plaintiff, for the reason that the- lower court was without jurisdiction ratione personae.
 

 It appears from the evidence that, during the month of July, 1922, and prior thereto, R. D. Moore, Jr., was engaged in the execution of various contracts in the parish of Tangipahoa, under the trade-name of “Moore Paving Company,” and that under this name he had already completed at least one public contract, which had been bonded by plaintiff, Globe Indemnity Company.
 

 In the same month, the defendant Dolhonde entered into the following written contract with the defendant R. D. Moore, Jr.: “This contract made and entered into this 24th day of July, 1922, by and between R. D. Moore and F. E. Dolhonde.
 

 “I, the said R. D. Moore now operating under the name of Moore Paving Company, as Road Contractor and Paving, and being the sole owner of said Moore Paving Company, hereby bind myself, and agree, for valuable consideration and good will to give and divide with F. E. Dolhonde one half of the net prof
 
 *12
 
 its of thp-Mo.ore Paving Company on all contracts made and entered into after this date, in parishes .of. Tangipahoa and St. Helena, it beingi understood and agreed that the said E. E. Dolhonde.has.no interest in the present contract, mor. in, any of the live stock and equipment now on hand.”
 

 The above contract was terminated on February 10, 1923, as shown by the following written'agreement:
 

 “Amite Feby 10, 1923.
 

 “It is hereby agreed and understood by and between-R. D. Moore Jr. operating under the trade name. of. Moore Paving Co.,' and F. E. Dolhonde that the agreement heretofore made between them under date of July 24th, 1922, for certain contracts in the Parishes of St. Helena arid' Tangipahoa for road work shall terminate this day and the said F. E. Dolhonde will riot share in any more of the profits of the Moore Paving Co. The said R. D. Moore Jr.-binds :and obligates himself to complete the contracts now on hand in the Parishes of. St. ■ Helena- and Tangipahoa. The said F.-'E: Dolhonde agrees to assist the said R. D. Moore Jr. as much as possible. The said R. D. Moore Jr. binds himself to make a .complete settlement with the said F. E. Dolhonde at some future date.
 

 “Signed in Duplicate this 10th day of Feby 1923.”
 

 The contract, entered into between Moore and Dolhonde on July 24, 1922, shows upon its face that'it included only the sharing of profits arising from contracts made between the parties in the parishes of Tangipahoa and St. Helena, and did not include the contract for the ■ construction in the parish of East Baton Rouge sOf the Baton Rouge-Hammond highway, in which the “Moore Paving Company” Was not engaged until in the year 1923.
 

 Globe Indemnity Company did not, execute its contract bond as surety for the “Moore Paving Company” in conection with the con-, struetion of the Baton Rouge-Hammond road until February 27, 1923, long after the profit-sharing contract between defendants had been, terminated.
 

 Even if the contract between Moore and Dolhonde could be held to establish a part-, nership, it was limited to work done in the parishes of Tangipahoa and St. Helena, and did not embracé work done in the parish of. East Baton Rouge.
 

 But it is contended that, notwithstanding the facts above stated, the defendant Dolhonde held himself out to plaintiff as a part-, ner of the. “Moore Paving Company” on February 19, 1923, prior to the execution of the. bond by plaintiff, and that on that date defendant prepared for plaintiff, at its request, a statement of the assets and liabilities of, the “Moore Paving Company.”
 

 The statement was typewritten on a letterhead on which is printed “Moore Paving’ Company, General Contractors,” “R. D. Moore, Jr., President,” and “F. E. Dolhonde,. Secty-Treas.,” and this statement is certified to be true and correct by F. E. Dolhonde, “Secty-Treas.”
 

 In our opinion, the statement in question does not hold out defendant Dolhonde as a partner in the “Moore Paving Company” for the simple reason that, under our law, partnerships have no such officers as “President” or “Secretary-Treasurer,” who are well-known officers of corporations only. Stockholders in a corporation are bound only for the unpaid balances due by them for stock subscribed, and not personally and jointly, as are the members of an ordinary partnership for its debts.
 

 
 *14
 
 The defendant Dolhonde was an agent for the Globe Indemnity Company and wrote a number of bonds for it. The manager of this company knew all the time that R. D. Moore, Jr., was the sole owner of the “Moore Paving'Company,” and that he simply operated it under that name. This is shown by the fact that the manager wrote numerous letters to Dolhonde about Moore and his Baton Rouge contract, and wanted to know if Dolhonde thought that the plaintiff would lose any money on “Mr. Moore.”
 

 Nothing is said in these letters about plaintiff losing money on “Moore Paving Company,” or on “Moore and Dolhonde,” or on “you and Moore,” but it is always on “Mr. Moore.”
 

 Nor did the assistant resident manager of plaintiff company consider Dolhonde as a partner, as shown by the following testimony relative to the contract for the Baton Rouge-Hammond road:
 

 “Q. When you dealt with Mr. Dolhonde with reference to this contract, were you dealing with him as an agent or as a contractor? A. Well, with that particular contract I was dealing with Mr. Moore.
 

 “Q. You did not deal with Mr. Dolhonde at all then? A. I dealt with him prior to this contract, on other contracts.
 

 “Q. I am talking about this particular contract. A. Not that I know of.” Tr. p. 145.
 

 The present suit was not instituted until July 9, 1928, or more than 5 years after the date of the bond given by plaintiff company. The staleness of the demand savors of but slight faith in plaintiff in the justice of its cause, especially in the doctrine attempted to be applied herein of partnership by estoppel, and of resultant liability on the part of the defendant, Dolhonde.
 

 1 As Dolhonde was not a member of the partnership, in fact or by estoppel, personal service upon him at his domicile in Tangipahoa parish did not have the effect of conferring jurisdiction upon the lower court of the present suit.
 

 The defendant Moore was a nonresident, and service upon him while residing temporarily in Jefferson parish within this state did not clothe the lower court with jurisdiction, in the face of the plea to its jurisdiction tendered timely by defendant.
 

 Judgment affirmed.